**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000636
10-JUN-2026
07:53 AM
Dkt. 78 SO**

NO. CAAP-24-0000636

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
LANCE AVERY PASCUBILLO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH & SOUTH KONA DIVISION
(CASE NO. 3DCW-24-0001140)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant Lance Pascubillo, Jr. (**Pascubillo**), appeals from the September 9, 2024 Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Strike Proof of Compliance Hearings (**Compliance Hearings Order**) entered by the North and South Kona Division of the District Court of the Third Circuit (**District Court**).[1]

Pascubillo raises a single point of error on appeal, contending that the District Court erred in entering the Compliance Hearings Order.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1] The Honorable Ann S. Datta presided.

the arguments advanced and the issues raised, we resolve Pascubillo's point of error as follows:

Pascubillo pleaded no contest to, *inter alia*, Operating a Vehicle under the Influence of an Intoxicant in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (2020) (**OVUII**).  He was sentenced to, *inter alia*, complete substance abuse assessment and 14 hours substance abuse rehabilitation program.  A $250 Drug Demand Reduction Fee was taken under advisement for one year on the condition that Pascubillo have no further similar violations.[2]  After the District Court imposed the sentence, the District Court set a compliance hearing.  On the same day, August 12, 2024, the District Court entered a Judgment and Notice of Entry of Judgment (**Judgment**), which stated, *inter alia,* that the $250 Drug Demand Reduction Fee was taken under advisement – without further explanation.  After Pascubillo moved to strike the proof-of-compliance hearings, on September 9, 2024, the District Court entered the Compliance Hearings Order.  On December 19, 2024, after a hearing, the District Court entered an Amended Judgment and Notice of Entry of Judgment (**Amended Judgment**).[3]  The Amended Judgment states that the Drug Demand Reduction Fee is waived.

Pascubillo argues that the District Court erred when it entered the Compliance Hearings Order because, *inter alia*, it created a form of court supervision that is not found in the HRS and the District Court is not authorized to use compliance

---

[2]     The Honorable David R. Harada-Stone presided.

[3]     There is no hearing transcript in the record on appeal, but the Amended Judgment reflects that a hearing was held.

2

hearings in this OVUII case as a form of probation to monitor Pascubillo's substance abuse treatment and rehabilitation.

The argument that the District Court is not authorized to use compliance hearings in OVUII cases as a form of probation has merit. Although it does not change our disposition here, we note that the record before us is somewhat unclear as to the reason that compliance hearings were being set. The oral ruling reflected in the transcript of the August 12, 2024 hearing is silent as to the reason for compliance hearings. The Judgment states that the $250 Drug Demand Reduction Fee was taken under advisement for one year on condition that Pascubillo have no further similar violations – suggesting that the compliance hearings were related to that condition. However, the Compliance Hearings Order states that Pascubillo was ordered to return to court "for the purpose of reviewing compliance with the treatment components of the Judgment related to the OVUII."

Nevertheless, based on the rationale set forth in this court's recent Opinion in <u>State v. Rivero-Garcia</u>, No. CAAP-24-0000637, 2026 WL 1582067 (Haw. App. June 3, 2026), we conclude that the District Court exceeded its authority under HRS § 291E-61 by requiring Pascubillo to appear for compliance hearings. There is no statutory authority supporting the District Court's use of compliance hearings, while keeping part of Pascubillo's OVUII sentence "under advisement" in this manner, regardless of the specific purpose of the compliance hearings. Therefore, we conclude that the District Court erred in entering the Compliance Hearings Order.

3

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Accordingly, the District Court's September 9, 2024 Compliance Hearings Order is reversed.

DATED:  Honolulu, Hawaiʻi, June 10, 2026.

On the briefs:

Benjamin Lowenthal,
Deputy Public Defender,
(on opening brief only),

and

Sara K. Haley,
Deputy Public Defender,
(on reply brief only)

for Defendant-Appellant.

Charles E. Murray, III,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge